FILED Rec'd 4/27/12 D/P
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 2 5 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

LOLA M. CAPERS,

        Plaintiff,

-against-

THE UNITED STATES OF AMERICA,

        Defendant.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**
12-CV-1907 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

On April 16, 2012, Plaintiff, acting pro se, filed this action and sought in forma pauperis status. (See Compl. (Docket Entry # 1); Mot. (Docket Entry # 2).) The court grants Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and dismisses the Complaint for the reasons stated below.

## I. BACKGROUND

Plaintiff's Complaint offers little in the way of a clear narrative or indeed any useful information. Plaintiff seeks the court's assistance in "reliev[ing] [Plaintiff] of this heavy burden [of Plaintiff's] family history." (Compl. at 2.) Plaintiff names and describes her immediate family members; of her family, only Plaintiff is still living. (Id.) Plaintiff states that "since I *do not* stand accused of any moral disobedience(s) under GOD or any crime(s) under government, I do hereby appeal to the Attorney General also; to assist at enabling me to obtain my rights. 'I have the right to life, liberty and the pursuit of happiness.'" (Id. at 3 (emphasis in original).) Plaintiff further states that both she and her partner are "willing, and able to become adopted by people or persons we like and or love. We give power, authority, and attorney to such people and or person(s)." (Id.) Plaintiff seeks monetary damages in the amount of two dollars, and declaratory and injunctive relief. (Id.)

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the court is required to read a plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

Moreover, at the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949–50 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citations omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

## III. DISCUSSION

In Denton v. Hernandez, 504 U.S. 25 (1992), the Supreme Court held that a court may dismiss an in forma pauperis claim as factually frivolous if the facts alleged are clearly baseless. "[A finding of] factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible whether or not there are judicially noticeable facts available to contradict them." Id. at 33. The Supreme Court has further recognized that a complaint is frivolous when it is contains "inarguable legal conclusion[s], [or] fanciful factual allegation[s]." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Plaintiff's pleadings are irrational and incredible. Plaintiff's allegations, even under the liberal reading the court accords pro se pleadings, and even if Plaintiff herself believes them to be true, can only be described as delusional and fantastic. See Denton, 504 U.S. at 33. Moreover, Plaintiff's Complaint articulates no recognized legal claim, nor does it explain how the United States is liable for Plaintiff's claimed harms. Since the Complaint is devoid of any basis in law or fact, defects which cannot be cured by amendment, the Complaint is dismissed as frivolous.

## IV. CONCLUSION

Accordingly, the Complaint filed in forma pauperis is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b)(i). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/

Dated: Brooklyn, New York  
April 25, 2012

NICHOLAS G. GARAUFIS  
United States District Judge